**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cr-0004** |
| | ) | |
| **K'SHAWN WILSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# ORDER

**BEFORE THE COURT** is Defendant K'Shawn Wilson's Motion *in Limine* to Exclude Firearm Magazines, filed on September 25, 2026. (Dkt. No. 24.) Defendant seeks to preclude the United States (the "Government") from introducing into evidence two AK-47 magazines found during the search of Defendant's luggage. The Government filed a response on October 9, 2026, opposing the motion. (Dkt. No. 39.) For the reasons stated below, the Court will grant the motion.

## I.

The Government charged Defendant in a single-count Information with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (Dkt. No. 8.) According to the Affidavit accompanying the criminal complaint, on August 2, 2026, U.S. Customs and Border Protection officers discovered what they believed to be marijuana in luggage later retrieved by the Defendant. Dkt. No. 1-1. The suspected marijuana weighed approximately 10.63 kilograms. *Id.* The luggage also purportedly contained other items including two AK-47 magazines. *See* Dkt. No. 24 – Def.'s Mot. at 2 ("Law enforcement reports provided in discovery, indicate that the investigating agents also found and seized 'two AK-47 magazines' during the search of the luggage."); *see also* Dkt. No. 39 – Government's Opp. at 1 ("The evidence of the AK-47 magazines is relevant.")

## II.

Defendant argues that even if he "had been aware of the presence of [the firearm magazines], possessing them would not have been illegal." Def.'s Mot. at 2. Defendant further

argues that "should the government present assault rifle magazines to the jury as physical evidence, or elicit testimony about the purported discovery of these items among the suitcase contents—it could very well have a prejudicial effect among certain jurors." *Id.* Defendant contends that this evidence has no relevance or probative value and seeks to prohibit the Government from introducing this evidence pursuant to Federal Rules of Evidence 401 and 403.

Federal Rules of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "The test of relevance under the Federal Rules of Evidence is low." *Failla v. City of Passaic*, 146 F.3d 149, 159 (3d Cir. 1998). Based on the definition of relevant evidence under Rule 401, "it follows that evidence is irrelevant only when it has no tendency to prove the fact." *Id*. (quoting *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992)).

The Government argues that the evidence of the AK-47 magazines is relevant because the presence of the magazines would "show the defendant's familiarity with guns and hence the weight of guns." And, "the Government will also argue that if the defendant knows what a gun weighs, he will know that what he carried was not heavy enough to contain guns" . . . and "he would have to know he was [carrying] drugs, not guns" Government's Opp. at 1.

While the burden of demonstrating that an item of evidence is relevant is low, there is a burden nonetheless. Here, Defendant is charged with possession with intent to distribute a controlled substance. The Government must demonstrate that the Defendant knew what he possessed was a controlled substance or that the Defendant knew that what he possessed was marijuana. *See McFadden v. United States*, 576 U.S. 186, 188 (2015) (opining that the government can meet its burden of showing knowledge under section 841(a)(1) by proving either: (1) the defendant knew he possessed a substance listed on the schedules, even if he did not know which substance it was, or (2) that the defendant knew the identity of the substance he possessed even if he didn't know that it was illegal to possess.) As mentioned above, the Government argues that the presence of the magazines would show "that what he carried was not heavy enough to contain guns." First, the items at issue are not firearms, but

rather firearm magazines. The Court fails to see how a person's familiarity with firearm magazines, and therefore, guns would be relevant to show that items in that person's luggage were not guns but a controlled substance based on its weight. The Government's motion attributes many statements made by Defendant at the time of the seizure. Notably, however, the Government does not contend that the Defendant indicated that he thought the luggage contained firearms or firearm magazines or that he didn't know that he was transporting controlled substances in his luggage.

Second, the Government alleges that the Defendant possessed approximately 10.63 kilograms of marijuana. Using an approximate conversion weight of 2.2 pounds per kilogram, this calculates to approximately 23.435 pounds. The Court fails to see any correlation between the weight of the magazines and the weight of any suspected marijuana. Thus, as argued, the Court finds that the Government's theory for presenting evidence of firearm magazines is not relevant to the charge.

With regards to Rule 403, this rule permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Again, the Court finds that the Government theory for the admission of the magazines is not relevant. Even if relevant, the Government's reliance of Defendant's knowledge of firearms to prove knowledge of the presence of a controlled substance would not only be confusing to the jury but also has the potential for the jury to convict the Defendant with evidence other than what is related to the charged offense. Thus, the Court finds that any probative value of the firearm magazines – and the Government's intent with regards to the use of this evidence – is substantially outweighed by the unfairly prejudicial nature of such evidence. *See United States v. Repak*, Criminal No. 3:14-01, 2015 U.S. Dist. LEXIS 87939, *4-5 (W.D. Pa. July 7, 2015) (defining "unfair prejudice" as an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.")

III.

Accordingly, for the reasons stated above, the Court finds the Government's intent with regard to the evidence concerning the AK-47 magazines is not relevant. Further, even if relevant, the probative value is substantially outweighed by the unfairly prejudicial nature of such evidence as well as the potential for confusing the issues before the jury. Accordingly, it is hereby

**ORDERED** that Defendant K'Shawn Wilson's Motion *in Limine* to Exclude Firearm Magazines, Dkt. No. 24, is **GRANTED.**

**Dated:** October 13, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**CHIEF JUDGE**